782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PREDRAG DJURDJEV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 84-3780
 United States Court of Appeals, Sixth Circuit.
 12/11/85
 
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Predrag Djurdjev appeals from the Board of Immigration Appeal's (BIA) denial of his motion to reopen deportation proceedings.
 
 
 2
 Djurdjev is a twenty-nine year old native and citizen of Yugoslavia who entered the United States as a nonimmigrant visitor for pleasure on November 3, 1976. At his deportation hearing on May 23, 1980 Djurdjev admitted the allegations in the Order to Show Cause and conceded deportability. However, he requested relief from deportation in the form of withholding of deportation and asylum. On August 15, 1980, the immigration judge determined that Djurdjev was deportable as charged and denied his request of withholding of deportation and asylum, but granted him the privilege of voluntary departure under Section 244(e) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(e). The immigration judge concluded that Djurdjev had not met the requisite burden of proof for the requested relief.
 
 
 3
 On August 25, 1980, Djurdjev appealed this decision to the BIA, which affirmed the immigration judge's determination and dismissed the appeal. The BIA granted Djurdjev the privilege of voluntary departure within thirty days of its decision and stated that if Djurdjev did not depart within that time he would be deported as directed in the immigration judge's order.
 
 
 4
 Upon application, the District Director of the Immigration and Naturalization Service granted Djurdjev a stay of deportation, valid until September 22, 1984, to afford him an opportunity to file a suspension of deportation application with the BIA.
 
 
 5
 On June 17, 1984, Djurdjev filed a motion to reopen his deportation proceedings with the BIA. In that motion Djurdjev alleged that he had more than seven years continuous physical presence in the United States, that he had evidence of his good moral character during that period, and that his deportation would result in extreme hardship to himself and his lawful permanent resident wife.
 
 
 6
 In support of his allegation of extreme hardship, Djurdjev stated that his wife suffered from hypoglycemia and has been hospitalized for acute depression in 1983. Djurdjev further alleged that his wife's depression resulted from her fears over the family's economic problems, including the possible loss of the family home. According to his motion, Djurdjev's removal 'would trigger a chain of events which would cause irreversible harm to her and her son who depend upon [Djurdjev] for both love and support.' He further alleged that his deportation would prejudice his rights in a civil suit which is currently pending against his former business partner.
 
 
 7
 On August 24, 1984, the BIA denied Djurdjev's motion to reopen, and concluded that he failed to establish a prima facie showing of eligibility to suspend his deportation proceeding due to the lack of sufficient proof of extreme hardship.
 
 
 8
 The granting of a motion to reopen is a matter committed to the sound discretion of the BIA. INS v. Rios-Pineda, ---- U.S. ----, 105 S.Ct. 2098 (1985); INS v. Phinpathya, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984). Three requirements that must be proved by an alien seeking suspension of deportation are: (1) continuous physical presence in the United States for at least seven years; (2) good moral character throughout this period; and (3) extreme hardship resulting from deportation. 8 U.S.C. Sec. 1254(a)(1). The Supreme Court has mandated that a suspension of a deportation order is an exceptional remedy and the requirement of extreme hardship must be narrowly construed:
 
 
 9
 These words are not self-explanatory, and reasonable men could easily differ as to their construction. But the Act commits their definition in the first instance to the Attorney General and his delegates and their construction and application of the standard should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 The Attorney General and his delegates have the authority to construe 'extreme hardship' narrowly should they deem it is wise to do so. Such a narrow interpretation is consistent with the 'extreme hardship' language, which itself indicates the exceptional nature of the suspension remedy.
 
 
 13
 INS v. Wang, 450 U.S. 139, 144-45, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981).
 
 
 14
 A review of the BIA's decision discloses that it did not constitute an abuse of discretion. Djurdjev presented no evidence that he or his wife would suffer any economic hardship not commonly experienced by other deported aliens or that he would be unable to secure employment in his designated country of deportation. Nor did he present evidence that his lawful permanent resident wife would be unable to support herself should she elect not to accompany her husband.
 
 
 15
 Moreover, Djurdjev's claim that his deportation would adversely affect his wife's illnesses was not supported by valid medical evidence. Nor was evidence offered to suggest that his wife and step-child could not accompany him if they so desired.
 
 
 16
 In sum, the fact that Djurdjev will undergo the normal hardships of deportation will not invoke 'the exceptional nature of the suspension remedy.' INS v. Wang, 450 U.S. at 144, 45, 101 S.Ct. at 1031.
 
 
 17
 For the foregoing reasons, the BIA's denial of Djurdjev's motion to reopen his deportation is AFFIRMED.
 
 
 
 *
 Hon. Julia S. Gibbons, United States District Judge, Western District of Tennessee, sitting by designation and assignment